Wells Fargo Bank, N.A. v Gore (2018 NY Slip Op 04079)





Wells Fargo Bank, N.A. v Gore


2018 NY Slip Op 04079


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6789 6788

[*1]Wells Fargo Bank, N.A., Plaintiff-Appellant,
v
Jose McSwene Gore, Defendant-Respondent, City Of New York Environmental Control Board, et al., Defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford (Loretta Carty of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered October 20, 2017, which, after a traverse hearing, granted the motion of defendant Jose McSwene Gore to vacate a default judgment for lack of personal jurisdiction, dismissed the action on the basis that plaintiff failed to obtain personal jurisdiction over him, and vacated the judgment of foreclosure and sale, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 6, 2017, which directed a traverse hearing, unanimously dismissed, without costs, as academic.
Plaintiff failed to sustain its burden of demonstrating, by a preponderance of the evidence, that service of process was effective as to defendant (see generally Gass v Gass, 42 AD3d 393 [1st Dept 2007]). Any presumption of service raised by the process server's affidavit of service was overcome by defendant's testimony and documentary evidence, as reflected in the transcript for the traverse hearing, that he was out of the country when the purported service was made and that no one stayed at the property while he was away. There exists no basis for disturbing the traverse court's findings (see Holtzer v Stepper, 268 AD2d 372 [1st Dept 2000]).
The appeal from the April 6, 2017 order, which directed that a traverse hearing be held, is dismissed as academic since the traverse hearing has been held and the jurisdictional issue determined by the October 20, 2017 order (see B.N. Realty Assoc. v Lichtenstein, 21 AD3d 793, 797 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK